1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

JOSEPH L. NICKOLS,

8                          Plaintiff,

9           v.

10    STEVE MANSFIELD, KEVIN
HANSON, CHRIS TAWES, RON
11    ANDERSON, JIM PEA, JACK
HASKINS, TREVOR SMITH, STEVEN
12    WALTON, STACY BROWN, KEVIN
SCHULTZ, AMBER WILSON, GENE
13    SIEBER, JOHN AND JANE DOE MAIL
OFFICERS,

14
                         Defendants.

CASE NO. C14-5019 RBL-KLS

ORDER TO FILE AMENDED
COMPLAINT

15      Pro se Plaintiff Joseph R. Nickols, who is currently incarcerated at the Lewis County Jail,

16   has filed a proposed civil rights complaint.  Dkt. 7.   Mr. Nickols has been granted leave to

17   proceed *in forma pauperis*.  Dkt. 6.  The Court has determined that it will not direct service of

18   the complaint because it is deficient.  However, Mr. Nickols will be given an opportunity to file

19   an amended complaint.

20                                          **DISCUSSION**

21      Under the Prison Litigation Reform Act of 1995, the Court is required to screen

22   complaints brought by prisoners seeking relief against a governmental entity or officer or

23   employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint

24

ORDER TO FILE AMENDED COMPLAINT- 1

1 | or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

2 | fail to state a claim upon which relief may be granted, or that seek monetary relief from a

3 | defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); *See*

4 | *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

5 |       A complaint or portion thereof, will be dismissed for failure to state a claim upon which

6 | relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief

7 | above the speculative level, on the assumption that all the allegations in the complaint are true."

8 | *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  Although

9 | complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law,

10 | unsupported conclusions, and unwarranted inferences need not be accepted as true.  *Jenkins v.*

11 | *McKeithen*, 395 U.S. 411, 421 (1969).   Neither can the court supply essential facts that an

12 | inmate has failed to plead.  *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of*

13 | *Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

14 |       Mr. Nickols purports to bring this action on behalf of himself and several other inmates at

15 | the Lewis County Jail (Forrest Amos, Gadalupe Solis Diaz, Dominick Perry, Gordon Harper,

16 | Cade Dausener, and Panther Risling).  Dkt. 7.  None of these other inmates paid a filing fee or

17 | submitted an application to proceed in forma pauperis.  Mr. Nickols names fourteen employees

18 | and two unnamed mail officers of the Lewis County Jail.  Mr. Nickols claims that his

19 | constitutional rights were or are being violated by various policies of the Lewis County Jail,

20 | including:  (1) limitation of all mail to postcards; (2) rejection of incoming mail without notice

21 | and due process; (3) censorship of incoming and outcoming mail; (4) charges to inmates of $.50

22 | per minute for visitation; (5) inadequate due process relating to minor infractions; (6) limitation

23 | of clean clothes to once per week; (7) denial of sheets and pillow; and (8) lack of adequate meals

24 | with sufficient calories.  Dkt. 7, pp. 13-15.

ORDER TO FILE AMENDED COMPLAINT- 2

1          Based on the foregoing allegations, Mr. Nickols has failed to state a viable claim under

2   42 U.S.C. § 1983.  Mr. Nickols purports to bring this action on behalf of himself and six other

3   inmates.  However, pro se prisoners have neither the authority to represent anyone but

4   themselves nor the competence to protect the interests of other prisoners as required by Fed. R.

5   Civ. P. 23.  *See Russell v. United States*, 308 F.2d 98 (9th Cir.1962); *Oxendine v. Williams*, 509

6   F.2d 1405, 1407 (4th Cir.1975).  Because Mr. Nickols proceeds pro se, he cannot represent a

7   class.

8          Each individually named plaintiff is required to file his own civil action asserting his

9   individual claims.  Separate cases are proper because of the need for each individual plaintiff to

10  represent himself with regard to the claims alleged in this case, the need for each plaintiff to sign

11  the pleadings, and the likelihood that the factual grounds for each inmate's claims may differ.

12         Additionally, even when prisoners file a complaint jointly, each must pay the full filing

13  fee.  *See Bouribone v. Berge*, 391 F.3d 852, 854-56 (7th Cir. 2004) and *Hubbard v. Haley*, 262

14  F.3d 1194, 1196 (11th Cir. 2001).  Pursuant to the Prison Litigation Reform Act of 1995

15  ("PLRA"), even where a prisoner is granted leave to proceed in forma pauperis, he must pay the

16  full filing fee.  See 28 U.S.C. § 1915(b); 1914(a).   Moreover, while a prisoner litigating on his

17  own behalf takes the risk that one or more of his claims may be deemed sanctionable under Fed.

18  R. Civ. P. 11, or may count toward the limit of three weak in forma pauperis claims allowed by

19  Section 1915(b), prisoners litigating jointly may be at risk for all claims in the complaint,

20  whether or not the claims concern them personally.  There is also no guarantee that all of the

21  plaintiffs will remain at the same prison or in the same area of a prison while they are litigating

22  together.  For all these reasons, each of the plaintiffs must file separate complaints under separate

23  case numbers.  Each of the plaintiffs must also pay the full filing fee of $400.00 or submit an

24  application to proceed in forma pauperis when they file their complaint.

1      To pursue claims on his own behalf in this lawsuit, Mr. Nickols must file an amended

2  complaint and must plead specific conduct that has been committed by a person or persons

3  acting under color of state law that deprived him of a right, privilege or immunity secured by the

4  Constitution.   He must plead specific facts showing how and when and by whom he was harmed

5  by that conduct.   Mr. Nickols purports to sue sixteen individual defendants for the various

6  policies and procedures of the Lewis County Jail.  However, he fails to describe how and when

7  and by whom he was harmed by any of these policies and/or procedures.  He has failed to

8  include any factual allegations in his complaint describing the conduct of any of the defendants

9  named in this lawsuit.  Mr. Nickols must clarify whether he has any basis for pursuing a claim

10  under § 1983.  In the amended complaint, he must write out short, plain statements telling the

11  Court: (1) the constitutional right he believes was violated; (2) name of the person who violated

12  the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of

13  that person is connected to the violation of Mr. Nickols' constitutional rights; and (5) what

14  specific injury Mr. Nickols suffered because of that person's conduct and the relief he seeks from

15  this Court.

16      If the person named as a defendant is a supervisory official, Mr. Nickols must either state

17  that the defendant personally participated in the constitutional deprivation (and tell the Court the

18  five things listed above), or he must state, if he can do so in good faith, that the defendant was

19  aware of the similar widespread abuses, but with deliberate indifference to Mr. Nickols

20  constitutional rights, failed to take action to prevent further harm to him and also state facts to

21  support this claim. *See Monell v. New York City Department of Social Services*, 436 U.S. 658,

22  691 (1978).

23      Mr. Nickols must repeat this process for each person he names as a defendant, including

24  any "John Doe" and "Jane Doe" defendants.  If Mr. Nicols fails to affirmatively link the conduct

ORDER TO FILE AMENDED COMPLAINT- 4

1 | of each named defendant with the specific injury suffered by him, the claim against that

2 | defendant will be dismissed for failure to state a claim.  Conclusory allegations that a defendant

3 | or a group of defendants have violated a constitutional right are not acceptable and will be

4 | dismissed.  To avoid dismissal for failure to state a claim, Mr. Nickols must include more than

5 | "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

6 | of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-557 (2007).

7 | As noted above, Mr. Nickols may file an amended complaint to cure the deficiencies

8 | noted herein.  He shall present his complaint on the form provided by the Court.  The amended

9 | complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a

10 | copy, it should contain the same case number, and it may not incorporate any part of the original

11 | complaint by reference.  An amended complaint operates as a <u>complete</u> substitute for (rather than

12 | a mere supplement to) the present complaint.  Mr. Nickols should complete all sections of the

13 | Court's form.  He may attach continuation pages as needed but may not attach a separate

14 | document that purports to be his amended complaint.  The Court will screen the amended

15 | complaint to determine whether it contains factual allegations linking each defendant to the

16 | alleged violations of Mr. Nickols' rights. The Court will not authorize service of the amended

17 | complaint on any defendant who is not specifically linked to the violation of his rights.

18 | If Mr. Nickols decides to file an amended civil rights complaint in this action, he is

19 | cautioned that if the amended complaint is not timely filed or if he fails to adequately address the

20 | issues raised herein on or before **February 28, 2014**, the Court will recommend dismissal of this

21 | action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under

22 | 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who

23 | brings three or more civil actions or appeals which are dismissed on grounds they are legally

24 | frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil

1   action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious

2   physical injury."  28 U.S.C. § 1915(g).

3          In light of the foregoing, Plaintiff's motion to supplement or amend his complaint, filed

4   on January 23, 2014 (Dkt. 8) is **DENIED.**

5          **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**

6   **1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of**

7   **this Order and a copy of the Pro Se Instruction Sheet to Plaintiff.**

8          **DATED** this <u>28th</u> day of January, 2014.

9

10                                      Karen L. Strombom
                                        United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER TO FILE AMENDED COMPLAINT- 6