UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH L. NICKOLS,

Plaintiff,

v.

STEVE MANSFIELD, KEVIN HANSON, CHRIS TAWES, RON ANDERSON, JIM PEA, JACK HASKINS, TREVOR SMITH, STEVEN WALTON, STACY BROWN, KEVIN SCHULTZ, AMBER WILSON, GENE SIEBER, JOHN AND JANE DOE MAIL OFFICERS,

Defendants.

No. C14-5019 RBL-KLS

**REPORT AND RECOMMENDATION**
**Noted For: March 28, 2014**

Pro se Plaintiff Joseph R. Nickols, who is currently incarcerated at the Lewis County Jail, has filed a proposed civil rights complaint. Dkt. 7. Mr. Nickols has been granted leave to proceed *in forma pauperis*. Dkt. 6. On January 28, 2014, the Court directed Mr. Nickols to file an amended complaint or to show cause why his complaint should not be dismissed for failure to state a claim under 42 U.S.C. ¶ 1983. Dkt. 11. Mr. Nickols has failed to do so. Because the complaint fails to state a claim cognizable under 42 U.S.C. § 1983, the undersigned recommends that it be dismissed without prejudice.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or

employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Mr. Nickols purports to bring this action on behalf of himself and several other inmates at the Lewis County Jail (Forrest Amos, Gadalupe Solis Diaz, Dominick Perry, Gordon Harper, Cade Dausener, and Panther Risling). Dkt. 7. None of these other inmates paid a filing fee or submitted an application to proceed in forma pauperis. Mr. Nickols names fourteen employees and two unnamed mail officers of the Lewis County Jail. He claims that his constitutional rights were or are being violated by various policies of the Lewis County Jail, including: (1) limitation of all mail to postcards; (2) rejection of incoming mail without notice and due process; (3) censorship of incoming and outcoming mail; (4) charges to inmates of $.50 per minute for visitation; (5) inadequate due process relating to minor infractions; (6) limitation of clean clothes to once per week; (7) denial of sheets and pillow; and (8) lack of adequate meals with sufficient calories. Dkt. 7, pp. 13-15.

Based on the foregoing allegations, Mr. Nickols has failed to state a viable claim under 42 U.S.C. § 1983. Mr. Nickols purports to bring this action on behalf of himself and six other inmates. However, pro se prisoners have neither the authority to represent anyone but themselves nor the competence to protect the interests of other prisoners as required by Fed. R. Civ. P. 23. *See Russell v. United States*, 308 F.2d 98 (9th Cir.1962); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975). Because Mr. Nickols proceeds pro se, he cannot represent a class. Mr. Nickols was advised that each individually named plaintiff is required to file his own civil action asserting his individual claims and that each must pay the full filing fee or submit an appropriate application for leave to proceed in forma pauperis. Dkt. 11, p. 3.

In addition, Mr. Nickols purports to sue sixteen individual defendants for the various policies and procedures of the Lewis County Jail. However, he fails to describe how and when and by whom he was harmed by any of these policies and/or procedures. He has failed to include any factual allegations in his complaint describing the conduct of any of the defendants named in this lawsuit. Mr. Nickols was advised that to pursue claims on his own behalf in this lawsuit, he must file an amended complaint, pleading specific conduct that has been committed by a person or persons acting under color of state law that deprived him of a right, privilege or immunity secured by the Constitution. He was given thirty days to file an amended complaint but he has failed to do so or to otherwise respond to this Court's Order.

**CONCLUSION**

This case should be **dismissed without prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 28, 2014,** as noted in the caption.

**DATED** this 10th day of March, 2014.

Karen L. Strombom
United States Magistrate Judge